## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANTONIO JACKSON**

    *Plaintiff*,

    v.                 Case No.:

**EXPERIAN INFORMATION
SOLUTIONS, INC**

    *Defendants*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes Now, Plaintiff, Antonio Jackson, by and through undersigned counsel, Seraph Legal, P.A., and complains of Defendant, Experian Information Solutions, Inc., and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this is an action against Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. Defendant is subject to this Court's jurisdiction under Fed. R. Civ. P. 4(k).

Page **1** of **13**

4.     Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2), because Defendant committed and/or caused the acts of which Plaintiff complains of in the Middle District of Florida.

## PARTIES

5.     Plaintiff, **Antonio Jackson** ("Mr. Jackson") is a an adult individual and Florida citizen, residing in Polk County, Florida.

6.     Mr. Jackson is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7.     Defendant, **Experian Information Solutions, Inc**. ("Experian") is an Ohio corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8.     Defendant, Experian, is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

9.     Defendant, Experian, is a consumer reporting agency ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Duplicate Accounts – Credit One Account

10.   On or about October 14, 2021, Mr. Jackson opened an account with Credit One.

11.   Around June 27, 2024, Credit One began reported an outstanding balance of $1,150 to Experian.

12.   Shortly after making this report, Credit One sold or otherwise assigned LVNV Funding, LLC ("LVNV"), to collect on the Credit One account.

13.   Credit One then reported to Experian its tradeline should be deleted, as it no longer owned the account and no money was owed to it.

14.   Around October 2024, LVNV began reporting the $1,150 balance it had purchased from Credit One to Experian, stating it was an unpaid collection balance.

15.   At this point, Experian was reporting that Mr. Jackson had "two" $1,150 debts to Credit One – one reported by Credit One, directly, and one reported by LVNV.

16.   The "two" accounts had the same balance, original creditor, date of first delinquency ("DOFD"), and, most tellingly, the identical account number.

17.   Beyond this, Credit One stopped making monthly reports after June 2024, which should have been another "red flag" to Experian since furnishers of data like Credit One are required by Experian to update their reporting of non-$0 balance accounts at least once a month.

18.	Despite this, Experian sold dozens of reports to Mr. Jackson's creditors, and potential creditors, stating Mr. Jackson had $2,300 of debt over two accounts to Credit One, when, at best, he had $1,150 debt on one account.

**Westlake Financial Account**

19.	On or about July 23, 2022, Mr. Jackson obtained a car loan from Westlake Financial Services ("Westlake").

20.	In July 2023, Mr. Jackson returned the car to Westlake, voluntarily.

21.	Subsequently, Westlake began reporting an outstanding balance of $10,863 to Experian.

22.	Around May 29, 2025, Westlake sold or otherwise assigned the balance to Cavalry Portfolio Services ("Calvary").

23.	Calvary's began reporting the $10,862 balance to Experian in July 2025.

24.	The $1 difference in the balances is almost certainly because Calvary rounded to a different whole dollar amount than Westlake did.

25.	Calvary reported the same original creditor name and same DOFD.

26.	Like Credit One, Westlake stopped making monthly reports after it sold the account in July 2025.

27.	Despite this, Experian sold dozens of reports to Mr. Jackson's creditors, and potential creditors, stating Mr. Jackson had $21,725 of debt over two accounts to Westlake, when, at best, he had $10,863  debt on one account.

**<u>Experian Fails to Meaningfully Disclose Legally-Required Information</u>**

28.     On or about February 6, 2026, Mr. Jackson requested a copy of his consumer credit disclosure from Experian.

29.     Upon receipt of Mr. Jackson's request, Experian was required to "clearly and accurately" disclose all information in Mr. Jackson's credit file at the time of his request, including the identification of *each* person – including the end-user if the report was obtained by a reseller – who obtains a consumer report from Experian within the prior year *for any purpose*. <u>See</u> 15 U.S.C. § 1681g(a)(3)(A)(ii).

30.     "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." <u>See</u> 15 U.S.C. § 1681g(a)(3)(B)(i).

31.     Frequently, Experian fails to fulfill its legal obligations to disclose this data, often disclosing an end-user's identity with letter collections, number collections, or shortened names no reasonable consumer would understand.

32.     For example, Experian disclosed an April 4, 2025, inquiry in Mr. Jackson's credit disclosure as "CLARITY/CCFLOW/TLS/AF247"

| Account name | Date of request(s) |
|---|---|
| CLARITY/CCFLOW/TLS/AF247 | 04/04/2025 |
| 3280 N UNIVERSITY AVE PROVO, UT 84604 | |

33.     Essentially, Experian disclosed four different entities, all supposedly making a single credit inquiry, without identifying which entity actually requested the credit report.

34.    Experian also disclosed a February 6, 2026, inquiry in Mr. Jackson's credit disclosure as "ECS/MCE WEB AUTHENTICAT"

| Account name | Date of request(s) |
|---|---|
| ECS/ MCE WEB AUTHENTICAT | 02/06/2026 |
| 475 ANTON BLVD COSTA MESA, CA 92626 | |

35.    Essentially, Experian disclosed two different entities as making the same credit inquiry, without identifying which entity actually made the request.

36.    Experian also disclosed a December 25, 2025, inquiry in Mr. Jackson's credit disclosure as "LN/DATALAB/PROGRESSIVE"

| Account name | Date of request(s) |
|---|---|
| LN/DATALAB/PROGRESSIVE | 12/25/2025 |
| 6300 WILSON MILLS RD MAYFIELD VILLAGE, OH 44143 | |

37.    Essentially, Experian disclosed three different entities, all supposedly making the same credit inquiry, without identifying which entity actually made the request.

38.    Who or what "CCFLOW" "TLS" "AF247" "ECS" and "LN" might be is not readily identifiable.

39.    Instead, Experian discloses these entities using abbreviations, letter combinations, or number collections, no reasonable consumer would understand.

40.    Experian knows that it often fails to disclose the names of those persons or entities obtaining credit reports as legally required because of multiple consumer lawsuits complaining of the same.

41.    Experian's incomplete disclosure of who accessed Mr. Jackson's credit report and why caused Mr. Jackson significant frustration, stress, concern, mental anguish, and emotional distress.

42.    As a consequence of Experian's conduct, Mr. Jackson suffered damages, including the sheer waste of time trying to figure out what the information in his Experian credit disclosure means and how it got there.

43.    As a consequence of Experian's conduct, Mr. Jackson has spent money to correct his credit file, and spent money to force Experian to comply with their statutory obligations. Indeed, Mr. Jackson has also spent money procuring legal counsel.

44.    As a consequence of Experian's conduct, Mr. Jackson has suffered lost financial opportunities, loss of credit, lower credit scores, aggravation, and reputational damage.

45.    Mr. Jackson has hired the undersigned law firm to represent him in this matter and has assigned his right to fees and costs to the undersigned law firm.

## COUNT I
## DEFENDANT'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)

46.    Mr. Jackson incorporates, by reference, paragraphs 1 – 45 as if fully stated herein.

47.    15 U.S.C. § 1681e(b) requires a consumer reporting agency to follow reasonable procedures to assure the maximum possible accuracy of consumer information when preparing a consumer report.

48.    Experian violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of the information in reports it sold regarding Mr. Jackson, as it sold reports incorrectly displaying duplicate debts and sold reports improperly disclosing the identity of third-party end-users requesting credit inquiries.

49.    Experian's conduct was willful, intentional, and exhibited a reckless disregard for its duties under the FCRA to ensure maximum possible accuracy of credit reports sold concerning Mr. Jackson. Indeed, the failure to adhere with the FCRA's requirements could reasonably be foreseen to cause Mr. Jackson harm.

50.    As a consequence of Experian's conduct, Mr. Jackson has suffered frustration, stress, concern, mental anguish, and emotional distress.

51.    As a consequence of Experian's conduct, Mr. Jackson has suffered financial harm in the form of lost financial opportunities, loss of credit, lower credit scores, and aggravation.

52.    As a consequence of Experian's conduct, Mr. Jackson has suffered reputational harm.

53.    Experian's conduct justifies an award of punitive damages.

54.    Experian is thus liable, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Jackson's actual damages or statutory damages of up to $1,000 *per violation*, plus punitive damages, attorneys' fees, and costs.

**WHEREFORE,** Mr. Jackson respectfully requests this Honorable Court enter judgment against Experian for:

a.  The greater of Mr. Jackson's actual damages and statutory damages of **$1,000.00** *per incident*, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d.  Any other relief that this Honorable Court deems just and proper given the circumstances.

## COUNT II
### DEFENDANT'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
**Plead in the Alternative to Count I**

55.  Mr. Jackson incorporates, by reference, paragraphs 1 – 45 as if fully stated herein.

56.  15 U.S.C. § 1681e(b) requires a consumer reporting agency to follow reasonable procedures to assure the maximum possible accuracy of consumer information when preparing a consumer report.

57.  Experian owed Mr. Jackson a legal duty to follow reasonable procedures to assure maximum possible accuracy of information in reports it sold concerning Mr. Jackson.

58.  Experian breached this duty when it sold reports containing duplicate debt reports and improper identification of third-party inquiries.

59.  As a consequence of Experian's conduct, Mr. Jackson has suffered frustration, stress, concern, mental anguish, and emotional distress.

60.     As a consequence of Experian's conduct, Mr. Jackson has suffered financial harm in the form of lost financial opportunities, loss of credit, lower credit scores, and aggravation.

61.     As a consequence of Experian's conduct, Mr. Jackson has suffered reputational harm.

62.     Experian's breach of this duty constitutes a negligent violation of 15 U.S.C. § 1681e(b), and as a consequence, Experian is liable, pursuant to 15 U.S.C. § 1681o, for Mr. Jackson's actual damages, attorneys' fees, and costs.

**WHEREFORE,** Mr. Jackson respectfully requests this Honorable Court enter judgment against Experian for:

a.     Mr. Jackson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.     Any other relief this Honorable Court deems just and proper given the circumstances.

**COUNT III**
**DEFENDANT'S WILLFUL VIOLATIONS OF THE**
**FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)**

63.     Mr. Jackson incorporates, by reference, paragraphs 1 – 45 as if fully stated herein.

64.     Experian violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, who procured Mr. Jackson's

consumer report during the one-year period preceding the date upon which he made the request.

65. Experian is aware that it often fails to properly identify end-users because of multiple consumer lawsuits complaining of the same.

66. Experian's conduct was willful, intentional, and exhibited a reckless disregard for its duties to provide clear and accurate disclosures under the FCRA.

67. Experian's conduct justifies an award of punitive damages.

68. As a consequence of Experian's conduct, Mr. Jackson has suffered frustration, stress, concern, mental anguish, and emotional distress.

69. As a consequence of Experian's conduct, Mr. Jackson has suffered financial harm in the form of lost financial opportunities, loss of credit, lower credit scores, and aggravation.

70. As a consequence of Experian's conduct, Mr. Jackson has suffered reputational harm.

71. As a consequence of Experian's conduct, Experian is liable to Mr. Jackson for the greater of Mr. Jackson's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. Jackson respectfully requests this Honorable Court enter judgment against Experian for:

 a. The greater of Mr. Jackson's actual damages or statutory damages of **$1,000** *per incident* pursuant to 15 U.S.C. § 1681n(a)(2);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d.      Any other relief this Honorable Court deems just and proper given the circumstances.

## COUNT IV
## DEFENDANT'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)
### Pled in the Alternative to Count III

72.     Mr. Jackson incorporates, by reference, paragraphs 1 – 45 as if fully stated herein.

73.     Experian owed Mr. Jackson a legal duty to disclose the identity of each user that obtained his consumer report within one year of Mr. Jackson's request.

74.     Experian breached this duty when it failed to identify each person, including the end-user, when applicable, who procured Mr. Jackson's consumer report during the one-year period preceding the date upon which he made the request.

75.     As  a consequence of Experian's conduct, Mr. Jackson has suffered frustration, stress, concern, mental anguish, and emotional distress.

76.     As a consequence of Experian's conduct, Mr. Jackson has suffered financial harm in the form of lost financial opportunities, loss of credit, lower credit scores, and aggravation.

77.     As a consequence of Experian's conduct, Mr. Jackson has suffered reputational harm.

78.    Experian's breach constitutes a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Mr. Jackson is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o

**WHEREFORE,** Mr. Jackson respectfully requests this Honorable Court enter judgment against Experian for:

a. Mr. Jackson's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Any other relief this Honorable Court deems just and proper given the circumstances.

## JURY TRIAL DEMANDED

Mr. Jackson hereby demands a jury trial on all issues so triable.

Respectfully submitted on **April 23, 2026**, by:

/s/ *Christian Cok*
Christian Cok, Esq.
Florida Bar No.: 1032167
CCok@seraphlegal.com
*Lead Counsel for Plaintiff*

**SERAPH LEGAL, P. A.**
Thomas Bonan, Esq.
FL Bar No.: 118103
3505 E. Frontage Road., Suite 145
Tampa, FL 33607
Tel: (813) 567-1230
Fax: (855) 500-0705
*Counsel for Plaintiff*